1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 EASTERN DISTRICT OF CALIFORNIA

11

12  GREGORY ELL SHEHEE,                 | Case No. 1:13-cv-01936 AWI DLB PC

13             Plaintiff,               | ORDER DISMISSING COMPLAINT
                                         | WITH LEAVE TO AMEND
14      v.                              |
                                         | THIRTY-DAY DEADLINE
15  LAURIE HILL, et al.,

16             Defendants.

17

18        Plaintiff Gregory Ell Shehee ("Plaintiff") is a civil detainee proceeding pro se and in forma

19  pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 21,

20  2013.  He names Unit Supervisor Laurie Hill, Shift Lead Samantha Perryman, Unit Supervisor Chris

21  Grijalva, Behavior Specialist Matt Collins, Psychiatrist Dr. Joseph, Unit Supervisor Samantha

22  Perryman, Shift Lead Christy Beeler, W.R.P. Nurse Stephanie Mulligan, P.T. Sajeel, and Trust

23  Officers Yvonne Beuster and Debi Phillips as Defendants.

24  **A.**     **SCREENING REQUIREMENT**

25        The Court is required to screen complaints brought by prisoners seeking relief against a

26  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual

allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

(9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or

omissions of each named defendant to a violation of his rights; there is no respondeat superior

liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d

1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);

Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim

for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S.

at 678; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently detained at the Coalinga State Hospital ("CSH") where the events giving

rise to this action took place.

Plaintiff alleges the following.  Over time, Plaintiff had acquired evidence, legal materials

and documents for use during trial in his criminal cases.  He kept these items in grey storage bins.  In

September of 2011, Plaintiff alleges that Defendants Hill, Perryman, Grijalva, and Collins had

possession of 34 bundles of his legal documents while court proceedings were in process.  Plaintiff alleges that Defendants Hill, Perryman, Grijalva, and Collins shredded the 34 bundles while Plaintiff was being transported.  Plaintiff states he was informed on July 5, 2012, by Sergeant Maylin that all 34 of the envelopes had been destroyed because of Plaintiff's pending lawsuits against CSH.

On October 2, 2012, Plaintiff had completed a list of witnesses and addresses of witnesses as well as subpoenas for those witnesses and took them to the CSH Copy and Mail Center for mailing.  These documents were then seized as contraband.  The staff refused to serve any of his legal documents on the district attorneys, attorneys general, or any other party, because these individuals are not considered a "court" and indigent mail is only processed at CSH expense to a "court."

On November 10, 2013, Plaintiff was taken before the W.R.P. treatment team.  Present at the meeting were Defendants Joseph, Perryman, Beeler, Mulligan, and Sajeel.  Plaintiff alleges that at the meeting, Perryman began threatening Plaintiff by stating, "I have to read your legal documents, and I have to count them, before I will decide if you will be allowed to make legal copies for the court and for the attorneys."  Plaintiff states that Perryman knew or should have known that Plaintiff had an ongoing case before the Fresno County Superior Court.  Plaintiff alleges that Perryman ought to have known that her interference, confiscation of legal papers, shredding of legal papers, and threatening to obstruct his photocopying until she had personally taken charge of all legal documents and examined them was an obstruction of justice and a crime.

On November 12, 2013, Plaintiff complained to Sgt. Espinoza of Perryman's confiscation of his legal documents and obstruction of photocopying services.  Sgt. Espinoza stated he would "look into it."  Plaintiff advised Espinoza that Perryman had confiscated and shredded 34 bundles of his legal documents.  Espinoza responded that her behavior seemed to be an ongoing problem.  Plaintiff also informed Espinoza that Defendants Beuster and Phillips may be involved, in particular as it relates to denial of his legal photocopying and Perryman's demand to inspect all of his legal papers.  Plaintiff also states that Phillips had Plaintiff sign a paper which signed over 50% of his lifetime earnings in order to be able to do legal photocopying as an indigent civil detainee and pro per defendant.

Plaintiff seeks injunctive relief to stop all of the State employees named above from

3

obstructing justice, destroying evidence, threatening witnesses, and tampering with photocopying and legal documents.  Plaintiff also seeks punitive damages in the amount of ninety thousand dollars ($90,000) against each Defendant.

**C.**   **DISCUSSION**

      1.    <u>Access to Courts</u>

Inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with their right to litigate.   <u>Lewis v. Casey</u>, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1101 (9th Cir. 2011); <u>Phillips v. Hust</u>, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." <u>Nevada Dep't of Corr. v. Greene</u>, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing <u>Lewis</u>, 518 U.S. at 348) (internal quotation marks omitted), *cert. denied*, 132 S.Ct. 1823 (2012); <u>Christopher v. Harbury</u>, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); <u>Lewis</u>, 518 U.S. at 351; <u>Phillips</u>, 588 F.3d at 655.

Plaintiff alleges that Defendants Hill, Perryman, Grijalva, and Collins shredded 34 bundles of his legal documents.  Plaintiff alleges that Perryman knew or should have known that he had an ongoing case in the Fresno County Superior Court.  He claims that Perryman ought to have known that her confiscation and shredding of legal papers, and obstruction of photocopying, was an obstruction of justice.  The absence of an injury precludes an access claim, and Plaintiff's complaint is devoid of any facts suggesting any injury occurred.  <u>Harbury</u>, 536 U.S. at 415-16; <u>Jones</u>, 393 F.3d at 936.

Plaintiff further contends that Defendants Beuster and Phillips "may be involved."  This is insufficient to state a claim.  In addition, Plaintiff does not establish that he suffered an actual injury.

      2.    <u>Deprivation of Property without Procedural Due Process</u>

The Due Process Clause protects prisoners from being deprived of property without due process of law, <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir.1974).  However, deprivation of an inmate's property negligently or intentionally without a pre-deprivation hearing do

4

not state a due process claim under section 1983 if the deprivation was random and unauthorized, see Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, see Zinermon v. Burch, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); Hudson, 468 U.S. at 533.

An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson , 468 U.S. at 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir.1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a ... property interest.'" Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir.1995) (internal quotations and citations omitted).

In this action, Plaintiff appears to contend that Defendants Hill, Perryman, Grijalva, and Collins seized and disposed of 34 bundles of his property. The circumstances under which the property was seized and disposed of is unclear. It is unknown whether Plaintiff is alleging that Defendants failed to follow established rules and regulations for characterization, possession and disposition of his property, and/or intentionally destroyed his property despite his requests to keep it, or if Plaintiff is alleging that Defendants did not tell him that any of his property was prohibited, or give him proper notice prior to the destruction of his property. Plaintiff will be provided an opportunity to file an amended complaint to clarify and present a cognizable claim.

The Court finds that Plaintiff fails to state a claim against any other Defendants.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 17, 2014**                          /s/ *Dennis L. Beck*
                                                                     UNITED STATES MAGISTRATE JUDGE