1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    GREGORY ELL SHEHEE,                        1:13-cv-01936 AWI DLB (PC)

12             Plaintiff,
                                                 ORDER DENYING MOTION FOR
13         v.                                    APPOINTMENT OF COUNSEL

14    LAURIE HILL, et al,                        (Document# 16)

15             Defendant.

16

17         On January 26, 2015,   plaintiff filed a motion seeking the appointment of counsel.

18    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland,

19    113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent

20    plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the

21    Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

22    exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

23    section 1915(e)(1).  Rand, 113 F.3d at 1525.

24         Without a reasonable method of securing and compensating counsel, the court will seek

25    volunteer counsel only in the most serious and exceptional cases.  In determining whether

26    "exceptional circumstances exist, the district court  must evaluate both the likelihood of success

27    of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28    complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In the present case, the Court does not find the required exceptional circumstances. Plaintiff argues that counsel should be appointed because he suffers from impaired vision.  This alone does not make Plaintiff's case exceptional under the Ninth Circuit's standards discussed above.

At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's Complaint was dismissed on October 20, 2014, for failure to state a claim, with leave to amend.  To date, Plaintiff has not filed a Second Amended Complaint.  Thus, there is no complaint on record in this case for which the Court has found cognizable claims.  Moreover, based on the Court's record, the Court does not find that Plaintiff cannot adequately articulate his claims or respond to the Court's orders.  Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **January 29, 2015**                          /s/ Dennis L. Beck
                                                        UNITED STATES MAGISTRATE JUDGE